Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JUSTO RAMON DE LA ROSA, JOSE TRINIDAD RAMOS, and ERICK AGUILAR, on behalf of themselves and other similarly situated employees,<br><br>Plaintiffs,<br><br>-against-<br><br>EL NUEVO SANDY RESTAURANT CORP., *doing business as* SANDY RESTAURANT, and RUBEN PICHARDO, individually,<br><br>Defendants. | Case No.:  19 CV 9497<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>ECF Case<br><br>Jury Trial Requested |

---

Plaintiffs, Justo Ramon de la Rosa, Jose Trinidad Ramos, and Erick Aguilar (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, respectfully file this Complaint against Defendants, El Nuevo Sandy Restaurant Corp., *dba* Sandy Restaurant, located at 2261 Second Avenue, New York, New York 10035 (herein, "Sandy Restaurant"); or any other predecessor or successor business entity doing business as Sandy Restaurant, located at 2261 Second Avenue, New York, New York 10035; and Ruben Pichardo, individually (all defendants herein collectively referred to as the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### *THE PLAINTIFFS*

5. Plaintiffs are each adult residents of New York City.

### *THE DEFENDANTS*

6. At relevant times, Defendant, El Nuevo Sandy Restaurant Corp., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Sandy Restaurant, at 2261 Second Avenue, New York, New York 10035.

7. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

8. Upon information and belief, the corporate defendant El Nuevo Sandy Restaurant Corp., is a successor company to Clarissa Restaurant Corp., which was owned and operated through the same individual, group of individuals, and/or corporate management.

9. Upon information and belief, as successor, Defendant El Nuevo Sandy Restaurant Corp., acquired and has continued, without interruption or substantial change, the business operations of the predecessor, and is liable for the debts and liabilities of its predecessor.

10. Defendant Ruben Pichardo is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant El Nuevo Sandy Restaurant Corp., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

11. Defendant Ruben Pichardo is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant El Nuevo Sandy Restaurant Corp., who actively participated, and continues to participate in the day-to-day operations of the corporate defendant and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

12. The individual defendant Ruben Pichardo exercised control over the terms and conditions of Plaintiffs' employment in that he had and has had the power to: (i) hire and fire

employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

13. Defendant Ruben Pichardo exercised sufficient control over El Nuevo Sandy Restaurant Corp.'s day-to-day operations as to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

14. Upon information and belief, at all times relevant to the allegations in this Complaint, the defendant, El Nuevo Sandy Restaurant Corp., was, and continues to be, "enterprises engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15. At all relevant times, El Nuevo Sandy Restaurant Corp. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At relevant times, Defendant El Nuevo Sandy Restaurant Corp. has had an annual gross volume of sales in excess of $500,000.

17. Defendants employed Plaintiffs in New York County, New York, to work as non-exempt general helpers, cashiers, counter persons, and food preparers/dishwashers, for Defendants' restaurant.

18. The work performed by Plaintiffs was directly essential to the restaurant operated by Defendants.

19. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

21. Plaintiffs were not paid hourly and, at all relevant times, when they worked a spread in excess of ten (10) hours, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

### a. Plaintiff Justo Ramon de la Rosa

22. Plaintiff, Justo Ramon de la Rosa, was and is employed by Defendants in New York County, New York, as a counter person and general helper, at Defendants' restaurant known as "Sandy Restaurant", continuously from in or about 2001 through the present.

23. During his employment, Plaintiff Justo Ramon de la Rosa worked over forty (40) hours per week. Plaintiff Justo Ramon de la Rosa generally worked six (6) days a week, and his work shift consisted of eight (8) hours per day, for a total of approximately forty-eight (48) working hours per week.

24. During the last six (6) months, Plaintiff Justo Ramon de la Rosa, has worked seven (7) hours per day, six (6) days per week, for a total of approximately forty-two (42) working hours per week.

25. Plaintiff Justo Ramon de la Rosa was not paid wages for all hours worked, minimum wages, or overtime compensation. Plaintiff was paid a weekly salary of five hundred dollars ($500.00), during the last two (2) years. Prior to that, Plaintiff Justo Ramon de la Rosa was paid a weekly salary of four hundred fifty dollars ($450.00) per week.

26. Plaintiff Justo Ramon de la Rosa's pay did not vary when he was required to stay longer than his usual schedule; approximately three (3) days per week Plaintiff stayed at the restaurant after close, to clean.

27. Throughout his employment Plaintiff Justo Ramon de la Rosa was paid a salary for his weekly working hours, and was not paid an hourly wage or an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

28. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

29. Plaintiff Justo Ramon de la Rosa was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. He was required to sign a sheet which he did not understand, and which he believes provides a false accounting of his hours and pay.

30. Records maintained by the Defendants regarding the hours and pay of the plaintiff Justo Ramon de la Rosa, are believed to be false.

### b. Plaintiff Jose Trinidad Ramos

31. Plaintiff, Jose Trinidad, was employed by Defendants in New York County, New York, as a dishwasher and food preparer, at Defendants' restaurant known as "Sandy Restaurant", continuously from in or about early 2016 through July 6, 2019, and in addition one (1) week in September 2019.

32. During his employment, Plaintiff Jose Trinidad worked over forty (40) hours per week. Plaintiff Jose Trinidad generally worked six (6) days a week, and his work shift consisted of nine (9) hours per day, for a total of approximately fifty-four (54) working hours per week.

33. Plaintiff Jose Trinidad was not paid wages for all hours worked, minimum wages, or overtime compensation. Plaintiff was paid a weekly salary of five hundred dollars ($500.00) per week, in cash. Plaintiff's salary was increased to five hundred sixty dollars ($560.00) per week, in 2018.

34. Plaintiff Jose Trinidad's pay did not vary when he was required to stay longer than his usual schedule.

35. Throughout his employment Plaintiff Jose Trinidad was paid a salary for his weekly working hours, and was not paid an hourly wage or an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked.

36. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

37. Plaintiff Jose Trinidad was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. He was required to sign a sheet which he did not understand, and which he believes provides a false accounting of his hours and pay.

38. Records maintained by the Defendants regarding the hours and pay of the plaintiff Jose Trinidad, are believed to be false.

39. Plaintiff Jose Trinidad was not paid wages for his last week of work, in September 2019, which was five (5) days, eight (8) hour per day.

### c. Plaintiff Erick Aguilar

40. Plaintiff, Erick Aguilar, was and is employed by Defendants in New York County, New York, as a counter person, general helper and delivery person, at Defendants' restaurant known as "Sandy Restaurant", continuously from in or about 2003 through the present.

7

41. During his employment, Plaintiff Erick Aguilar worked over forty (40) hours per week. Throughout most of his employment, Plaintiff Erick Aguilar generally worked six (6) days a week, and his work shift consisted of ten (10) hours per day, for a total of approximately sixty (60) working hours per week. Approximately six (6) months ago Plaintiff Erick Aguilar's hours were reduced to six (6) hours per day, six (6) days per week.

42. Plaintiff Erick Aguilar was not paid wages for all hours worked, minimum wages, or overtime compensation. Plaintiff was paid a weekly salary of two hundred seventy-five to three hundred dollars ($275.00 - $300.00), per week. Plaintiff was paid in cash.

43. Throughout his employment Plaintiff Erick Aguilar was paid a salary for his weekly working hours, and was not paid an hourly wage or an overtime premium when he worked more than forty (40) hours per week, which was most weeks he worked.

44. Plaintiff's pay did not vary when he was required to stay longer than his usual schedule.

45. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

46. Plaintiff Erick Aguilar was not provided with a true and accurate wage statement, detailing his hours worked, his hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay. He was required to sign a sheet which he did not understand, and which he believes provided a false accounting of his hours and pay.

47. Defendants failed to properly provide notice to Plaintiff, that the Defendants were taking a "tip credit".

48. Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiff.

49. Defendants caused Plaintiff to engage in non-tipped duties, which exceeded twenty percent (20%) of his work each day, including taking phone orders and working at the counter.

50. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

51. Records maintained by the Defendants regarding the hours and pay of the plaintiff Erick Aguilar, are believed to be false.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

52. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

55. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

56. Plaintiffs worked hours for which they were not paid any wages.

57. At all relevant times, Defendants had a policy and practice of refusing to pay wages to Plaintiffs for some of the hours they worked.

58. Plaintiffs were entitled to be paid at the rate of time and one-half the minimum rate of pay for all hours worked in excess of forty (40) each workweek.

59. The Defendants failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

60. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiffs.

62. The Defendants have failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

63. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are believed to be prepared in anticipation of litigation and false. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

64. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

65. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

66. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

67. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

## COUNT II
### [Violation of the New York Labor Law]

68. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

70. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked, and minimum wages in the lawful amount for all hours worked.

71. Each of the Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

72. Each of the Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

73. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

74. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "73" of this Complaint as if fully set forth herein.

75. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for him full hours worked; and, any overtime due.

76. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

77. Plaintiff was not provided with a proper, written wage notice, as required by law.

78. Plaintiff was not provided with true and accurate weekly wage statements as required by law.

79. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

80. Defendants' failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

81. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated collective action members, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(f)   An award of prejudgment and post-judgment interest;

(g)   An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(h)   Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
       October 15, 2019

                                                            Respectfully submitted,

                                                            CILENTI & COOPER, PLLC
                                                            **Counsel for Plaintiffs**
                                                           10 Grand Central
                                                           155 East 44th Street – 6th Floor
                                                           New York, NY 10017
                                                           Telephone  (212) 209-3933
                                                           Facsimile  (212) 209-7102
                                                           pcooper@jcpclaw.com

                           By:   _____
                                            Peter H. Cooper  (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Ruben Pichardo

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that plaintiffs Justo Ramon de la Rosa, Jose Trinidad Ramos, and Erick Aguilar intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of El Nuevo Sandy Restaurant Corp., *dba* Sandy Restaurant, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       October 15, 2019

Respectfully submitted,

By:   _____
      Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

15

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Justo Ramon de la Rosa_, am an employee currently or formerly employed by _Sandy Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_September 17_, 2019

_Justo R de la Ros_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Jose Trinidad Ramos_, am an employee currently or formerly employed by _Sandy Restaurant_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Sept. 25_, 2019

_Jose Trinidad_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Errck Aguilar__, am an employee currently or formerly employed by __Sandy Restaurant__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__Sept 24__, 2019